UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

REGINA RICHARDSON                    CIVIL ACTION NO. 23-cv-224

VERSUS                               MAGISTRATE JUDGE HORNSBY

DOLGENCORP LLC, ET AL

**MEMORANDUM RULING**

**Introduction**

Regina Richardson ("Plaintiff") tripped over a cardboard display box near the entrance of a Dollar General store. She alleges that she sustained a torn rotator cuff that required multiple surgeries to repair. She filed this civil action in state court against Dollar General, which removed the case based on diversity jurisdiction. The parties filed written consent (Doc. 13) to have the undersigned magistrate judge decide the case, and the case was referred to the undersigned pursuant to 28 U.S.C. § 636(c). Doc. 14. Before the court is Dollar General's Motion for Summary Judgment (Doc. 45) that argues the display box was not an unreasonably dangerous condition because it was open and obvious. For the reasons that follow, the motion is denied.

**Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). A fact is "material" if it might affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986). A dispute

is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. Anderson, supra; Hamilton v. Segue Software Inc., 232 F.3d 473, 477 (5th Cir. 2000).

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that it believes demonstrate the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 106 S.Ct. 2548 (1986). If the moving party carries his initial burden, the burden then falls upon the nonmoving party to demonstrate the existence of a genuine dispute of a material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S.Ct. 1348, 1355-56 (1986).

**Applicable Louisiana Law**

Under Louisiana law, a merchant owes a duty to all persons who use its premises "to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition." La. R.S. 9:2800.6(A). Regardless of a merchant's affirmative duty to keep the premises in a reasonably safe condition, a merchant is not the insurer of the safety of his patrons. Noel v. Target Corp. of Minn., 2007 WL 2572308, *1 (W.D. La. 2007). To impose liability on a merchant under the statute, the claimant has the burden of proving all of the following:

(1) **The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable**.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal cleanup or safety

> procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. R.S. 9:2800.6(B) (Emphasis added). Dollar General's motion challenges only Plaintiff's ability to establish the first factor, on the grounds that the hazard was open and obvious.

**Summary Judgment Evidence**

    **A. Assistant Manager's Testimony**

Dollar General submits the deposition testimony of Latara Brumfield, the assistant manager of the Dollar General store on Bert Kouns Industrial Loop in Shreveport. Ms. Brumfield testified that she was working alone at the time of the accident. She said that the box at issue was a Christmas display that the store manager assembled the previous day. Ms. Brumfield agreed with Dollar General's counsel's suggestions that the box was "at least five feet tall" and "about two or three feet wide." Counsel states in brief that the box was about one and a half feet deep. Photographs attached to Plaintiff's deposition generally support this description and show that the cardboard display box was in the nature of a bookcase that contained on its four shelves smaller racks or boxes of children's holiday-themed books. It was positioned near the store's entrance door, to the right of an entering customer.

Ms. Brumfield testified that, a little before 4:00 p.m., she checked out a customer at the register, which (from the entering customer's perspective) is just to the left of the entrance door. She then walked past the area of the display box to go stock merchandise, not too far from the display box. She was certain that the box was upright when she walked

through the relatively small area. About three or four minutes after Ms. Brumfield began stocking merchandise, she either heard the box fall or a customer told her it had fallen; she was not sure which alerted her that the box fell.

Ms. Brumfield then walked toward the display box. She saw that the box had fallen, and she saw Plaintiff enter the store, walk toward the box, and fall. Ms. Brumfield said, "She was real tall, so maybe she didn't see it on the floor but it was definitely dead in the middle of the floor."

Ms. Brumfield helped Plaintiff up and asked her if she was okay. Plaintiff assured her that she was, completed her shopping, and checked out. Ms. Brumfield asked her if she wanted to complete a store report, but Plaintiff declined. Then, about four or five minutes after Plaintiff left, she returned and asked for a report, which Ms. Brumfield completed. The report noted that Plaintiff had a "small cut on thumb, swollen."

Ms. Brumfield agreed that the area where the display was located was "a heavily trafficked area" that was "right in front of the door." Defense counsel asked Ms. Brumfield if she knew what caused the display to fall. Ms. Brumfield said that she did not think it was "put up properly" when the manager assembled it. She explained, "[B]ecause when I picked it up, I was -- I was trying to stand it back up but it was -- it was already -- it was done for." She was unable to stand it back up because "it wasn't stable at the bottom."

### B. Plaintiff's Testimony

Plaintiff, who was born in 1966, testified that she had no prior problems with her right shoulder, nor did she have any other significant history of orthopedic or similar problems. She had visited the Dollar General store at issue a few times before, and she

went there that Sunday afternoon after attending a nearby church. She entered alone with the intent to buy ice cream.

Plaintiff testified that she parked near the front entrance and walked in, wearing a skirt and shoes with about a one-and-a-half-inch heel. She estimated that she took "four or five" steps and then "flipped over the box" or "fell over the box." She said that she first contacted the box with her right foot, then "stepped into the box" with her left foot, and then fell. She did not see what caused her to fall until after she got up and saw the red box, which was in the aisle face downward. She had no idea how the box got on the floor or how long it had been there. Plaintiff testified that, as stated in the report, she had a minor injury to her thumb. It resolved after a day or two of Advil, but she also injured her shoulder in the fall, and it was bruised and swollen soon afterward.

Plaintiff testified that Ms. Brumfield and a male customer came to see what happened. She had not seen Ms. Brumfield when she entered the store, but when she got up after the fall she saw Brumfield approach her from the aisle. She said that Ms. Brumfield was "just down the aisle right there where I fell at" and "not far at all" from the site of the accident.

Ms. Brumfield and the male customer picked up the box and put it on top of some nearby soft drink cartons. Plaintiff purchased her ice cream and left. She and Ms. Brumfield discussed the fall during the time Plaintiff was in the store, and Plaintiff kept saying that she could not believe the box "was at the door." Plaintiff stated that she got in her car and drove away, thought about it, and decided to return and complete an accident report. On that return visit, she took some pictures of the scene and provided Ms.

Brumfield information to complete the report. She said that she did not realize how hurt she was until she got ready to get in her car and started to feel discomfort.

**Analysis**

Dollar General's motion for summary judgment argues that Plaintiff cannot meet her burden of establishing that the fallen display box created a condition that presented an unreasonable risk of harm. The argument is based on Dollar General's assertion that the fallen display was open and obvious. The Louisiana Supreme Court's leading case on the "open and obvious" doctrine is Farrell v. Circle K Stores, Inc., 359 So.3d 467 (La. 2023).

The Farrell case examined a claim asserted under La. Civ. Code art. 2317.1, but courts have applied its duty/risk analysis in merchant liability cases that arise under La. R.S. 9:2800.6. Bonano v. Docar Sales, Inc., 407 So. 3d 985, 990 (La. App. 1st Cir. 2025), (citing Farrell and noting that "whether a claim arises in negligence under La. C.C. art. 2315, premises liability under La. C.C. art. 2317.1, or merchant's liability under La. R.S. 9:2800.6, courts utilize the same traditional duty/risk analysis to determine whether liability exists"). Part of that analysis is a risk/utility balancing test to determine whether a condition was unreasonably dangerous, which is where an open and obvious argument may be relevant. Farrell, 359 So. 3d at 474-75; Griffith v. Walmart Inc., 2023 WL 5761297 (W.D. La. 2023) (Doughty, J.) (noting the applicability of the Farrell risk/utility test in a merchant case to assess whether the condition was unreasonably dangerous).

The Farrell case arose from a fall in the parking lot of a Circle K store. A couple stopped at the store, the husband began putting gas in the car, and the wife took their dog for a walk. The wife was walking across the parking lot toward some grass when she

encountered a pool of water that was about the length of a tractor-trailer. She walked to the narrowest part of the water, where it was about one foot across. She attempted to step over, but she fell and sustained injury.

The injured wife and her husband filed suit against Circle K, which filed a motion for summary judgment and argued that the pool of water was open and obvious. The Supreme Court analyzed the claim under La. Civ. Code art. 2317.1 and related articles regarding the liability of an owner or custodian of property, who has a duty to keep the premises in a reasonably safe condition. The owner or custodian must discover an unreasonably dangerous condition on the premises and either correct it or warn potential victims of its existence.

The Court explained that for a hazard to be considered open and obvious, it must be one that is open and obvious to all who may encounter it. The question is whether the condition would be apparent to any reasonable person who might encounter it. Farrell, 359 So.3d at 478. The Court clarified that "whether a condition is open and obvious is embraced within the breach of duty element of the duty/risk analysis and is not a jurisprudential doctrine barring recovery, but only a factor of the risk/utility balancing test." Id. It falls within the ambit of the second factor of the risk/utility balancing test, which considers the likelihood and magnitude of the harm. Id. If the risk/utility balancing test results in a determination that the complained of hazard is not an unreasonably dangerous condition, the defendant is not liable because no duty was breached. Summary judgment for a defendant may be granted on a finding that reasonable minds could only agree that the condition was not unreasonably dangerous. Id.

Farrell ultimately determined, after a full duty/risk analysis, that the condition, whether it was the pool of water at the edge of the parking lot or the slippery substance within the water, was not an unreasonably dangerous condition. Therefore, Circle K was entitled to summary judgment. The Court recognized that the location of a hazard is relevant. The pool of water at the edge of the parking lot was deemed not unreasonably dangerous, but "it is conceivable that an allegedly hazardous condition, as alleged in this case, located at the entrance to the store, may ultimately be determined to be unreasonably dangerous; whereas, the same condition, located in the corner of a parking lot, may not be unreasonably dangerous because the likelihood and magnitude of harm is vastly different." Farrell, 359 So.3d at 474. It was "relevant that the pool of water was not located in a customarily traversed area, such as the entrance to the store, where patrons would likely encounter it or be forced to encounter it to go into the location." Id. at 474-75.

In this case, the court finds that reasonable minds could differ as to whether the fallen display box, located near the sole customer entrance of the Dollar General store, was an unreasonably dangerous condition. Dollar General would have a better argument if the box were in the middle or at the end of a long aisle, where a patron would have plenty of time to see it before encountering it, but this box was located just inside the entrance door, where a customer's eyes may have to adjust to changes in light and where they are often distracted from the floor while getting accustomed to the arrangement of the store, perhaps looking for an employee, or searching for the location of the merchandise they seek. The fallen box would not necessarily be "open and obvious" or apparent to every reasonable person who might encounter it, so summary judgment is not warranted.

Dollar General's sole summary-judgment argument is that the hazard at issue was open and obvious. The existence of genuine issues of material fact on that point, and the related breach of duty element, obviates the need to address the other elements of the risk/utility balancing test, the duty/risk analysis, or the merchant liability statute. Dollar General is not entitled to summary judgment on the showing made. Accordingly, Dollar General's **Motion for Summary Judgment (Doc. 45)** is **denied**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this the 16th day of January, 2026.

Mark L. Hornsby
U.S. Magistrate Judge